IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Johnny Phillips, #246822,   )<br>                                              )<br>                    Petitioner,   )<br>                                              )<br>         vs.                              )<br>                                              )<br>E. Richard Bazzle, Warden; and Henry  )<br>McMaster, Attorney General of South  )<br>Carolina,                              )<br>                                              )<br>                    Respondent.   )<br>_____) | Civil Action No. 8:05-2072-TLW-BHH<br><br>**REPORT OF MAGISTRATE JUDGE** |

       The petitioner, Johnny Phillips, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254. The respondents have filed a return and motion for summary judgment seeking dismissal of the petition.

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review post trial petitions for relief and submit findings and recommendations to the District Court.

## PROCEDURAL HISTORY AND FACTS PRESENTED

### CONVICTION AND DIRECT APPEAL

       The record reveals that the petitioner is currently incarcerated in Perry Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of Spartanburg County. The petitioner was indicted by a Spartanburg County grand jury in June 1997 for attempted armed robbery. (R. 213-214.) Don Thompson, Esquire, was appointed to represent the petitioner on the charges. A jury trial was held on January 19, 1998, before the Honorable C. Victor Pyle, Jr. The jury convicted the petitioner as charged. (R. 121.) The judge sentenced the petitioner to life without the possibility of parole pursuant to the state recidivist statute. (R. 122.) The petitioner timely appealed.

       Melissa J. Reed Kimbrough, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented the petitioner on appeal. Appellate counsel filed

a Final Brief of Appellant in the South Carolina Court of Appeals on December 14, 1998, and raised the following issue:

> Whether the trial court erred in amending appellant's indictment to allege a different incident than that true billed by the grand jury?

(R. 128.)

On April 19, 1999, the South Carolina Court of Appeals issued an unpublished opinion that rejected the petitioner's argument and affirmed his conviction. (R. 155-156.) The South Carolina Court of Appeals issued the remittitur on May 5, 1999. The petitioner did not seek review by the Supreme Court of South Carolina.

**PCR APPLICATION**

The petitioner filed an application for post-conviction relief ("PCR") on January 31, 2000, and alleged the following grounds for relief:

> 1) Trial counsel failed to object to the amendment of indictment #97-GS-42-2309;
>
> 2) Trial counsel failed to challenge the validity of the statement from Applicant;
>
> 3) Trial counsel failed to protect applicant's 5th amendment right's [sic];
>
> 4) Counsel failed to object to applicant's allege [sic] fingerprints being admitted into evidence;
>
> 5) Counsel failed to object and put the State's case through adversarial testing surrounding the suggestive identification process;
>
> 6) Counsel failed to object to the reasonable doubt instructions that were charged to the jury;
>
> 7) Counsel failed to challenge the tracking process that was described in the sworn testimony;
>
> 8) Counsel failed to move for a suppression hearing;
>
> 9) Subject matter jurisdiction can be raised at anytime;
>
> 10) Counsel failed to investigate the case at bar;
>
> 11) Counsel failed to interview the arrest warrant affiant;

> 12) Counsel failed to protect the applicant's due process rights.

(R. 161.)

An evidentiary hearing was held September 17, 2002, before the Honorable J. Derham Cole. (R. at 437.) The PCR judge issued an order of dismissal on December 2, 2002. The petitioner appealed the denial of relief.

Tara S. Taggart, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented the petitioner on appeal. Appellate counsel filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina on March 15, 2004, and raised the following issue:

> Whether the trial court lacked subject matter jurisdiction where the indictment was inappropriately amended to change the identity of the victim.

(Cert. Pet. at 2.)

The state filed its return on July 7, 2004. The Supreme Court of South Carolina denied the petition on May 18, 2005, and issued the remittitur on June 6, 2005.

### FEDERAL HABEAS CORPUS PETITION

On July 28, 2005, the petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereinafter "Federal Petition"). In the petition, he raises the following challenges to his conviction:

> **Ground One:** Whether the trial court lacked subject matter jurisdiction where the indictment was inappropriately amended
>
> **Ground Two:** Ineffective Assistance of Counsel.

(Pet. at 6-7.)

The respondents filed a motion for summary judgment on September 16, 2005.

### LAW AND ANAYLSIS

**Liberal Construction of *Pro Se* Complaint**

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574

F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### SUMMARY JUDGMENT STANDARD OF REVIEW

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. *See* Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### **DISCUSSION**

**I.     SUBJECT MATTER JURISDICTION**

The petitioner's first ground for relief alleges that the trial court lacked subject matter jurisdiction because the indictment was altered insofar as the identity of the victim

4

was changed. In order to qualify for federal habeas relief, the petitioner must allege error based on a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Subject matter jurisdiction is a matter of state law and, therefore, not cognizable in this federal habeas action. *See* 28 U.S.C. § 2254 (d)(1)(application shall not be granted unless the claim was based on an improper application of federal law)*; see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."); *Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998) (citing *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir.1976), which held that a "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary").

The petitioner raised his subject matter jurisdiction claim in his state PCR application, which was dismissed on the merits by the PCR Judge. The petitioner then appealed the issue, on state law grounds, to the South Carolina Supreme Court. Such petition was denied. Accordingly, the Court will not reach the issue unless "'the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice, or exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" *Wright*, 151 F.3d at 158 (quoting *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir.1978)).

In his present petition, Phillips continues to object to the trial court's subject matter jurisdiction on state law grounds. Because he does not allege a violation of any constitutional law or federal statute, his claim must fail unless he can demonstrate that the state court's actions resulted in a "complete miscarriage of justice." *Wright*, 151 F.3d at 158. The petitioner has made no effort to present any evidence to this Court to create a genuine issue of fact that such a miscarriage of justice occurred here. *See id.* Thus, the petitioner's first ground should be dismissed.

**II.     INEFFECTIVE ASSISTANCE OF COUNSEL**

The respondents next contend that the petitioner's ineffective assistance of counsel claim is "technically barred" because it was not presented to the South Carolina Supreme Court and would now be procedurally barred under state law.

A habeas petitioner in state custody "generally must exhaust state court remedies, *see* 28 U.S.C. § 2254(b), and a federal habeas court may not review unexhausted claims that would be treated as procedurally barred by state courts--absent cause and prejudice or a fundamental miscarriage of justice."  *See Longworth v. Ozmint*, 377 F.3d 437, 447-48 (4th Cir. 2004); *Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir.2000); *Mackall v. Angelone*, 131 F.3d 442, 445 (4th Cir.1997).  This exhaustion requirement "reduces friction between the state and federal court systems by avoiding the unseem[liness] of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (internal quotation marks and citation omitted).

Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *Id*. at 845, 847.  This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim." *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir.2000) (citing *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir.1997) (internal quotation marks omitted)). In other words, the ground must "be presented face-up and squarely." *See Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir.1994) (citation and internal quotation marks omitted).

The Court agrees that the petitioner's ineffective assistance claim is procedurally defaulted.  He did not appeal that claim from the decision of the PCR judge to the South

6

Carolina Supreme Court, as required. *See Longworth*, 377 F.3d at 447-48 (issues considered "procedurally defaulted as a result of Longworth's failure to raise them in his petition for certiorari to the South Carolina Supreme Court for review of the State PCR Court's decision.") Moreover, if the petitioner should attempt to file a second state PCR at this juncture, his claims would be considered procedurally barred, as both untimely and successive. *See Peloquin v. State*, 469 S.E.2d 606 (1995) (time-barred); S.C. Code § 17-27-45 (1995); *Aice v. State*, 409 S.E.2d 392 (1991) (successive); S.C. Code § 17-27-90 (1985). Accordingly, the Court may not consider the ineffective assistance claim on its merits unless the petitioner "can demonstrate that cause and prejudice exist to excuse the default or that the failure of the court to consider the claims would amount to a fundamental miscarriage of justice." *Mackall v. Angelone*, 131 F.3d 442, 448-449 (4th Cir. 1997).

The petitioner responds that he can show "cause" for failing to present his ineffective assistance of counsel claim to the South Carolina Supreme Court in that his appellate counsel refused to raise the claim on appeal. However, there is no constitutional right to an attorney in state postconviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989) (applying the rule to capital cases); *Mackall*, 131 F.3d at 448-44. Consequently, a petitioner "cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Mackall*, 131 F.3d at 448-449 *(*citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)).

Because the petitioner had no right to effective assistance of counsel in his state PCR proceedings, "he cannot demonstrate cause to excuse the procedural default of his claims that his . . . appellate counsel [was] constitutionally ineffective." *Id*. at 449. Consequently, federal habeas review of this claim is barred. *See id.*

7

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks<br>
United States Magistrate Judge

March 10, 2006<br>
Greenville, South Carolina