```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF SOUTH CAROLINA
            FLORENCE DIVISION
```

JOHNNY PHILLIPS, #246822,  )  C.A. No. 8:05-2072-TLW-BHH
                        Petitioner,  )
                        vs.  )  ORDER
E. RICHARD BAZZLE, Warden; and HENRY  )
McMASTER, Attorney General of South Carolina,  )
                        Respondents.  )

The *pro se* petitioner, an inmate at the South Carolina Department of Corrections, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. (Doc. # 1). The respondents filed a response and motion for summary judgment on September 16, 2005. (Docs. # 7 and # 8). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by Order filed September 19, 2005 that he had thirty-four (34) days to file any material in opposition to the motion for summary judgement. (Doc. # 10). Petitioner filed his response in opposition to the respondents' motion for summary judgment on October 31, 2005. (Doc. # 13).

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bruce H. Hendricks, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In her Report, Magistrate Judge Hendricks recommends that the respondents' motion for summary judgment be granted, and that this petition be dismissed without an evidentiary hearing. (Doc. # 15). Petitioner has filed objections to the Report via his affidavit in opposition, filed April 21, 2006.

(Doc. # 20).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. The Court accepts the Report. The Court notes that, in ground two of the Habeas Petition, the petitioner states he appealed the denial of state post-conviction relief. (Doc. #1). However, as Magistrate Judge Hendricks states, the petitioner only appealed the issue related to amendment of the indictment question. (Doc. # 7). He did not appeal the other issues raised in the post-conviction relief application. (Doc. # 7).

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 15), petitioner's objections are **OVERRULED** (Doc. # 19); and respondents' motion for summary judgment is **GRANTED** (Doc. # 8) and this petition is **DISMISSED**.

**IT IS SO ORDERED.**

*Terry L. Wooten*
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT JUDGE**

September 25, 2006
Florence, South Carolina

2